

November 15, 2019

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *In re Banco Bradesco, S.A. Sec. Litig.*
            **Case No. 16 Civ. 4155 (GHW) (S.D.N.Y)**

Dear Judge Woods:

      We represent the Public Employees' Retirement System of Mississippi, the Court-appointed Lead Plaintiff in the above-referenced matter. We respectfully submit this letter pursuant to the Court's requests at the November 13, 2019 final settlement hearing ("Final Hearing") for further information (1) to support Boilermaker-Blacksmith National Pension Trust's ("Boilermaker-Blacksmith") request for a reimbursement award of $7,605.61, and (2) to enable the Court to issue a finding that the parties and their respective counsel complied with Federal Rule of Civil Procedure 11(b) ("Rule 11"), as reflected in Paragraph 13 of the [Proposed] Judgment Approving Class Action Settlement, which Lead Plaintiff filed with the Court on November 6, 2019 (the "Proposed Judgment"). *See* ECF No. 207.

      With respect to the requested reimbursement award for Boilermaker-Blacksmith, Lead Plaintiff has carefully considered the points raised by the Court at the Final Hearing and has decided to withdraw the request as a result. Though plaintiff Boilermaker-Blacksmith performed work on behalf of the Settlement Class, and courts within this District have approved similar reimbursement requests,[1] given the Court's concerns about expanding reimbursement under the Private Securities Litigation Reform Act ("PSLRA") to a plaintiff that has not been appointed as a "representative party," we have agreed to withdraw the request and have revised the [Proposed] Order Awarding Attorneys' Fees And Expenses (ECF No. 209) (the "Fee and Expense Order") accordingly. A copy of the revised Fee and Expense Order is attached hereto as Exhibit A, and will be filed separately today with the Court.

---

[1] *See, e.g.*, *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 2015 WL 13639234, at *4 (S.D.N.Y. Oct. 9, 2015) (approving reimbursement award to "the Lead Plaintiff and additional named plaintiffs . . . for their reasonable costs and expenses directly relating to their representation of the Class").

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
WWW.KTMC.COM

...

Hon. Gregory H. Woods
November 15, 2019
Page 2

Concerning Paragraph 13 of the Proposed Judgment,[2] Your Honor asked that Lead Counsel provide further information regarding (1) the legal basis for including the Paragraph, as written, and (2) the factual basis for the Court to find that the parties and their counsel complied with Rule 11(b). The legal basis for including Paragraph 13 arises from Section 21D(c)(1) of the PSLRA, which requires that, upon final adjudication of any action brought under the PSLRA, the presiding court shall find that the parties and their respective counsel complied with Rule 11(b) "as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1).

After further considering the Court's questions at the Final Hearing, together with the specific language of 15 U.S.C. § 78u-4(c)(1), we have revised the language in Paragraph 13 of the Proposed Judgment to more closely track the narrower requirements of the statute, as follows:

> **Rule 11 Findings** – Pursuant to 15 U.S.C. § 78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the Amended Complaint (ECF No. 45), Answer and Amended Answer (ECF Nos. 101, 106), and dispositive motion (ECF Nos. 63-65) filed in the Action.

A copy of the revised Proposed Judgment is attached hereto as Exhibit B and will be filed separately today with the Court.[3]

As noted above, Your Honor also asked Lead Counsel to direct the Court to factual support upon which the Court could base a finding that the parties and their counsel complied with Rule 11(b). We have researched the issue, and while the case law does not identify a particular means by which courts make such findings, we detail below representative facts to support a finding that the parties and their counsel complied with Rule 11(b).

First, we respectfully submit that the current record contains ample factual support for a Rule 11 compliance finding. For example, Lead Counsel's declaration in support of the settlement, plan of allocation and fee and expense award (the "Whitman Decl.") (ECF No. 205) declares under penalty of perjury that Lead Counsel, on behalf of Lead Plaintiff, did the following to ensure that the Amended Class Action Complaint ("Amended Complaint") (ECF No. 45) complied with Rule 11(b):

---

[2] Paragraph 13 of the Proposed Judgment states, "Rule 11 Findings – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action." ECF No. 207 at 6.

[3] Lead Plaintiff respectfully submits that it included Paragraph 13 of the Proposed Judgment as originally drafted because numerous Courts in this District have entered judgments including similar language in other PSLRA cases. For the Court's convenience, we have attached a chart of relevant cases and judgment language from 2018 and 2019 as Exhibit C hereto.

Hon. Gregory H. Woods
November 15, 2019
Page 3

- conducted a thorough review and analysis of the seventy-two page Portuguese-language Criminal Complaint and hundreds of pages of supporting documentation. *See* Whitman Decl. ¶ 33;

- retained a Portuguese language document reviewer and also engaged Brazilian counsel to help review and analyze the related criminal court filings. *Id.*;

- reviewed an extensive number of other publicly available documents that provided further factual support for the allegations of the Amended Complaint, including: (i) public filings made by Bradesco with the SEC and its Brazilian counterpart, the Comissão de Valores Mobiliários; (ii) press releases and other public statements issued by Bradesco and the Individual Defendants; (iii) securities analysts' reports about Bradesco; (iv) media and news reports related to Bradesco, many of which were in Portuguese; (v) data and other information concerning Bradesco PADS; and (vi) other publicly available information regarding Bradesco and the Individual Defendants. *Id.*;

- carefully tied the allegations of the Amended Complaint to each of the sources referenced above, such that they had a clear, concise and established factual basis. *See id.* ¶¶ 13-23, 34; *see also* Amended Complaint ¶¶ 42-176; and

- responded on February 3, 2017 to Defendants' Motion to Dismiss, further attesting to the merits of the Amended Complaint and that it was filed in compliance with Rule 11 (ECF Nos. 69-70); *see also* Whitman Decl. ¶¶ 38, 41-42.

Second, counsels' signing of the Amended Complaint (ECF No. 45), Answer and Amended Answer (ECF Nos. 101, 106), and Motion to Dismiss (ECF Nos. 63-65) provides further evidence of Rule 11 compliance upon which the Court can rely. *See* Fed. R. Civ. P. 11(b) (by presenting a signed pleading to the court, the party signing the pleading "certifies to the best of the person's knowledge" that the pleading complies with Rule 11(b)).

Third, the parties did not allege any violations of Rule 11 in this matter, and acknowledged in their Stipulation and Agreement of Settlement dated July 1, 2019 ("Stipulation") (ECF No. 189-1) "that the Action has been initiated, filed, and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith." Stipulation pp. 5-6. The absence of allegations that a party violated Rule 11 is probative of the party's compliance with Rule 11. *See, e.g.*, *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *33–34 (C.D. Cal. July 28, 2014) (approving settlement and finding that because "no party has proffered any evidence, and the court discerns none independently, that any party or lawyer has violated Rule 11(b) during the course of these proceedings … the court concludes that [the parties] as well as their lawyers, have complied with Rule 11(b)").

Hon. Gregory H. Woods
November 15, 2019
Page 4

    We hope that this submission adequately addresses the issues that the Court raised at the Final Hearing. We are available at the Court's convenience to address any further questions that Your Honor may have.

    Respectfully submitted,

    KESSLER TOPAZ
    MELTZER & CHECK, LLP

    */s/ Andrew L. Zivitz*
    Andrew L. Zivitz
    Johnston de F. Whitman, Jr.

cc:    All Counsel of Record (via ECF)