UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANCO BRADESCO S.A. SECURITIES LITIGATION | Civil Case No. 1:16-cv-04155 (GHW)<br><br>ECF CASE |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on November 13, 2019 (the "Settlement Fairness Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it prior to, during and following the Settlement Fairness Hearing; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 1, 2019 (ECF No. 189-1) ("Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction**—The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Notice**—Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was provided to all Settlement Class Members who could be identified with reasonable effort, advising them of their right to object thereto, and a full and fair opportunity was accorded to Settlement Class Members to be heard with respect to Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Fee and Expense Award**—Lead Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund and $743,507.30 in payment of Plaintiffs' Counsel's Litigation Expenses, which sums the Court finds to be fair and reasonable. The attorneys' fees and Litigation Expenses awarded will be paid to Lead Counsel from the Settlement Fund in accordance with the terms of the Stipulation and in accordance with Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses (ECF No. 203).

4. **Factual Findings**—In making this award of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $14,500,000 in cash. This amount has been funded into escrow pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b. The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Action;

c. More than 50,300 copies of the Postcard Notice and 1,500 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, and payment of Litigation Expenses in an amount not to exceed $1.1 million, which amount may include a request for reimbursement to Plaintiffs in an aggregate amount not to exceed $75,000;

d. Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skillful and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g. Plaintiffs' Counsel devoted more than 10,485 hours, with a lodestar value of $5,687,442.25, to achieve the Settlement;

h. The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

i. Not a single Settlement Class Member has objected to the requested award of attorneys' fees or Litigation Expenses.

5. **PSLRA Award**—Lead Plaintiff Public Employees' Retirement System of Mississippi is hereby awarded $37,638.75 as reimbursement from the Settlement Fund for its reasonable costs directly related to representing the Settlement Class in the Action.

6. **No Impact on Judgment**—Any appeal of or any challenge to this Court's award of attorneys' fees and Litigation Expenses shall in no way disturb or affect the finality of the Judgment.

7. **Retention of Jurisdiction**—The Court hereby retains exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8. **Termination of Settlement**—In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. **Entry of Order**—There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 203.

SO ORDERED this 18th day of November, 2019.

_____
GREGORY H. WOODS
United States District Judge