UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BANCO BRADESCO S.A. SECURITIES LITIGATION

Civil Case No. 1:16-cv-04155 (GHW)

ECF CASE

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a putative securities class action is pending in this Court entitled *In re Banco Bradesco S.A. Securities Litigation*, Civil Case No. 1:16-cv-04155 (GHW) (the "Action");

WHEREAS, Lead Plaintiff Public Employees' Retirement System of Mississippi, on behalf of itself and the Settlement Class (as defined below), and defendants Banco Bradesco S.A. ("Bradesco"), Luiz Carlos Trabuco Cappi, and Luiz Carlos Angelotti (collectively, "Defendants" and together with Lead Plaintiff, the "Parties") have entered into the Stipulation and Agreement of Settlement dated July 1, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated July 24, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the proposed Settlement, finding that the Parties demonstrated that the Court would likely be able to approve the Settlement as being fair, reasonable, and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Settlement Fairness Hearing; (b) provisionally certified the Settlement Class solely for the purpose of effectuating the Settlement, preliminarily finding the prerequisites for

class action certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the Settlement Class are likely to be found to be satisfied; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 13, 2019 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 1, 2019; and (b) the Postcard Notice, the Notice, and the Summary Notice, all of which were filed with the Court on October 8, 2019.

3. **<u>Certification of the Settlement Class for Purposes of Settlement</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of

effectuating the Settlement, this Action as a class action on behalf of a Settlement Class — defined as all persons and entities who purchased or otherwise acquired the preferred American Depositary Shares ("PADS") issued by Bradesco during the period from August 8, 2014 through July 27, 2016, inclusive, and were injured thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the individual Defendants' Immediate Family members; (iii) any person who was an officer or director of Bradesco during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; (v) Bradesco's employee retirement and benefits plan(s) and their participants or beneficiaries, to the extent they made purchases or otherwise acquired PADS through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons and entities who or which excluded themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court, as listed on the attached Exhibit 1.

4. Lead Plaintiff is hereby appointed, for purposes of effectuating the Settlement only, as representative for the Settlement Class pursuant to Federal Rule of Civil Procedure 23. Kessler Topaz Meltzer & Check, LLP, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the

effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that, pursuant to Rule 23(e)(2), (A) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the

4

proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request, and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases and Bars** – The Releases set forth in paragraphs 4 through 8 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, insurers, reinsurers, predecessors, successors and assigns (and assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled,

released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, insurers, reinsurers, predecessors, successors and assigns (and assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Related Proceedings** – The Settlement contemplated by the Stipulation will become effective regardless of the outcome of any proceedings, including those pending in Brazil, involving Bradesco and/or its current and/or former employees, arising from the same circumstances that Lead Plaintiff alleged.

13. **Rule 11 Findings** – Pursuant to 15 U.S.C. § 78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the

Amended Complaint (ECF No. 45), Answer and Amended Answer (ECF Nos. 101, 106), and dispositive motion (ECF Nos. 63-65) filed in the Action.

14. **<u>No Admissions</u>** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the

Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or payment of Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Term Sheet. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing, shall be returned by the Escrow Agent to the parties who contributed to the payment of the Settlement Amount as instructed by Defendants' Counsel, in accordance with the Stipulation.

19. **Entry of Final Judgment** – The Clerk of Court is directed to terminate the motion pending at Dkt. No. 201, enter judgment, and close the case.

SO ORDERED this 18th day of November, 2019.

_____
GREGORY H. WOODS
United States District Judge

**Exhibit 1**
**List of Persons and Entities Excluded from**
**the Settlement Class Pursuant to Request**

1. Biscayne Commodities S.A.
   Road Town, Tortola
   British Virgin Islands